COMMONWEALTH *vs.* MITHAS A. NESS
(and five companion cases).

Bristol. January 6, 1969. — January 30, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Search and Seizure.*

A search warrant issued under G. L. c. 276, § 3A, as appearing in St. 1964, c. 557, § 5, need not be served and returned by the same officer who applied for it.

SIX COMPLAINTS received and sworn to in the Third District Court of Bristol on July 14, 1967.

Upon appeals to the Superior Court the cases were reported by *Brogna, J.*

*Joseph C. Duggan* for the defendants Ness & others (*John D. Sheehan,* for the defendant Sylvia, with him).

*Armand Fernandes, Jr.,* Assistant District Attorney, for the Commonwealth.

WHITTEMORE, J. This is a report under G. L. c. 278, § 30A, by a judge of the Superior Court of a question of law arising on motions to dismiss indictments charging the defendants with gaming offences. The ground of each motion was that the search warrants by virtue of which searches were made of certain premises, leading to the

arrest of the defendants, failed to comply with G. L. c. 276, § 3A, as amended through St. 1964, c. 557, § 5.[1]

Each of the two warrants was served and returned by an officer other than the officer who applied for it. The defendants contend that § 3A requires that a search warrant must be served and returned by the applying officer. We disagree.

Other sections of c. 276 show that the search warrant is not "issued" to any particular officer. There is no suggestion to this effect in § 2B.[2] Sections 2 (as amended through St. 1964, c. 557, § 2) and 2A (inserted by St. 1964, c. 557, § 3) in prescribing the form of the warrant show that power is delegated by the warrant to any person in several categories. Section 2 specifies that warrants "shall be directed to the sheriff or his deputy or to a constable or police officer." Section 2A directs that the warrant be addressed to: "*the Sheriffs of our several counties, or their deputies, any State Police Officer, or any Constable or Police Officer of any city or town, within our said Commonwealth.*" The limited significance of the act of the applying officer is indicated in the prescribed recital: "Proof by affidavit having been made this day . . . by (names of person or persons whose affidavits have been taken) that there is probable cause . . . ."

No right of a defendant or of the owner or occupant of premises to be searched and no interests of the public would be protected or served by the construction for which the defendants contend. On the contrary authorized searches would in some instances be impeded or thwarted.

---

[1] This statute reads: "Every officer to whom a warrant to search is issued shall return the same to the court by which it was issued as soon as it has been served and in any event not later than seven days from the date of issuance thereof, with a return of his doings thereon; provided, however, that a justice of the superior court may at any time receive complaints and issue search warrants returnable in seven days before a district court named in such warrant and in that event the officer shall make his return to such district court as directed."

[2] Section 2B, inserted by St. 1964, c. 557, § 3, specifies that a "person seeking a search warrant shall appear personally . . . and shall give an affidavit" in prescribed form and substance. Prescribed words of request are: "*Wherefore,* I respectfully request that the court issue a warrant . . . authorizing the search . . . and directing that if such property . . . be found that it be seized and brought before the court . . . ."

To give effect to the intent of these several sections construction is called for. Although initially the warrant is issued to any officer in any one of the stated categories, for purposes of the return required by § 3A it "is issued" to whichever authorized officer serves it, and it is that officer who is required to make the return.

The Commonwealth contends that the motions to dismiss could not have been allowed in any event as the record does not show that even if the warrants were invalidated because of the service, the arrests would have been illegal. This may well be so, but we answer the substantive question raised by the report. The rescript shall state that the warrants were not invalidated by service and return by an officer other than the officer who applied for them and no basis is shown for allowing the motions to dismiss.

*So ordered.*